```
                    CLERK'S OFFICE U.S. DIST. COURT
                         AT ROANOKE, VA
                              FILED

                           SEP 0 1 2005

                       JOHN F. CORCORAN, CLERK
                       BY: /s/ L. Clift
                           DEPUTY CLERK
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RACHAEL REED,** | ) |
| Plaintiff, | ) Civil Action No. 7:05CV00552 |
| v. | ) **MEMORANDUM OPINION** |
| **VALLEY BANK,** | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

Plaintiff Rachael Reed, proceeding pro se, seeks in forma pauperis status to file an action against Valley Bank for alleged "harassment, unfairness, and discrimination." The court grants Reed in forma pauperis status; however, for the reasons stated, the court dismisses Reed's action sua sponte for failure to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "fails to state a claim on which relief may be granted").

## I.

Reed alleges that Valley Bank has failed to comply "with Regulation CC of the Federal Law on several occasions" and has denied Reed use of her account. In addition, Reed claims that Valley Bank has frozen her account without reason and has refused payment on electronic transfers and "ACH credits" to her account. Reed seeks monetary damages and alleges diversity subject matter jurisdiction.

## II.

Reed claims that the court has subject matter jurisdiction pursuant to § 1332, which grants the federal courts original jurisdiction over all "civil actions where the matter in

controversy exceeds the sum or value of $75,000," and the action is between citizens of different states. Reed, a citizen of Virginia, seeks damages in excess of $75,000; however, she has failed to allege a sustainable basis of jurisdiction. Valley Bank is incorporated in Virginia and has its principal place of business in Virginia. Thus, it is a citizen of Virginia for purposes of § 1332. See 28 U.S.C. § 1332(c)(1) (stating that for purposes of § 1332 a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

### III.

For the foregoing reasons, the court dismisses Reed's claim because she fails to state a claim on which relief may be granted.

ENTER: This 1st day of September 2005.

UNITED STATES DISTRICT JUDGE